UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SCOTT BLEVINS *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARSAW HOUSING AUTHORITIES *et al.*, <br><br> Defendants. | CAUSE NO. 3:23cv400 DRL-SJF |

OPINION AND ORDER

On September 26, 2024, Scott Blevins, a *pro se* plaintiff, filed a motion to reopen this closed case and amend his complaint.[1] On May 18, 2023, the court screened the complaint and found that it failed to state a plausible claim on which relief can be granted and failed to connect the defendants to any of the complaint's assertions. The court gave the plaintiffs until June 7, 2023 to file an amended complaint. Because they didn't file an amended complaint or otherwise respond to the court's order, this case was dismissed on June 14, 2023 under 28 U.S.C. § 1915(e).

Because Mr. Blevins's motion was filed more than 28 days after the entry of the dismissal order, it is construed under Federal Rule of Civil Procedure 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014). An order granting relief under Rule 60(b) is an "extraordinary remedy" that is granted "only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005). Here, considering Mr. Blevins provided no reason for his failure to respond to the court's May 18, 2023 order, the only arguably applicable basis for relief is "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the

---

[1] Although the initial complaint was filed by both Scott Blevins and Laura Blair, the motion to reopen and the attached motion to amend the complaint are captioned and signed only by Mr. Blevins.

judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Mr. Blevins's motion to reopen is untimely because it was filed more than a year after the court dismissed this case and entered judgment. He also offers no other extraordinary reasons to change course this far down the road.

Accordingly, the motion to reopen this case and amend his *pro se* complaint [6] is DENIED.

SO ORDERED.

November 15, 2024            *s/ Damon R. Leichty*
                              Judge, United States District Court